**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

KAMILIA S. ELTAHER,
               Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
             Agency.

DOCKET NUMBER
NY-0752-17-0012-X-1

DATE: May 25, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kamilia S. Eltaher</u>, Edison, New Jersey, pro se.

<u>Jane Yoon</u>, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      This case is before the Board on the appellant's petition for enforcement of the administrative judge's January 18, 2018 decision in her appeal, which

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

reversed her removal and ordered the agency to cancel the action and retroactively reinstate her effective September 6, 2016. *Eltaher v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-17-0012-I-1, Initial Appeal File, Tab 63, Initial Decision. For the reasons discussed below, we find the agency is in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      In a compliance initial decision issued July 11, 2018, the administrative judge found that, although the agency had restored the appellant to her position and made a lump sum payment of back pay, it had provided no explanation of its computations nor any information relating to the interest on back pay and the benefits to which the appellant was entitled. *Eltaher v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-17-0012-C-1, Compliance File, Tab 23, Compliance Initial Decision (CID) at 4. She also noted that the agency had provided no information relating to the payments due the appellant for two pay periods following her reinstatement which the appellant stated she had not received.[3] Accordingly, the administrative judge ordered the agency to submit explanations of its back pay award and the interest on the back pay, the status of the appellant's pay for Pay Periods 3 and 4 of 2018, and whether the appellant had been credited with the leave to which she was entitled for the period of her removal. CID at 5. The order directed the agency to submit to the Clerk of the Board within 35 days any statement of compliance with supporting evidence and a narrative explaining in detail why its evidence satisfied the requirements set forth in the order. *Id.*

---

[3] The appellant also sought compensation for the tax consequences of her lump sum back pay award and for medical expenses she incurred during the back pay period, but the administrative judge correctly found that the Board lacks authority for such remedies. *See Holtgrewe v. Federal Deposit Insurance Corporation*, 65 M.S.P.R. 137, 140 (1994); *Kennedy v. United States Postal Service*, 42 M.S.P.R. 429, 432 (1989).

¶3     On August 15, 2018, the agency submitted its statement of compliance and supporting evidence to comply with the administrative judge's order. *Eltaher v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-17-0012-X-1, Compliance Referral File (CRF), Tab 1. On the same day, the Clerk of the Board issued an Acknowledgment Order that notified the appellant that she could respond to the agency's submission by filing written arguments with the Clerk within 20 calendar days of service of the agency's submission. CRF, Tab 2. The Acknowledgement Order also stated that, if the appellant did not respond to the agency's evidence of compliance within 20 days, the Board may assume that appellant is satisfied and may dismiss the petition for enforcement. *Id.*

¶4     In its submission, the agency provided evidence that it had paid the appellant back pay and interest due for the back pay period (September 6, 2016, through February 5, 2018). CRF, Tab 1. The agency explained the basis for the two payments that were issued to the appellant. The first calculation included most of the back pay due as well as the pay owed for 2018 Pay Period 3, less the appellant's interim earnings, in the gross amount of $177,283.25. The second calculation included the remaining back pay and the interest on all the back pay due, $7,351.48, as well at the pay owed for 2018 Pay Period 4, in the gross amount of $21,864.383. *Id.* at 4. The agency's evidence showed the deductions made from these amounts with the resulting adjusted amounts paid to the appellant, $75,226.14 and $19,439.88. *Id.* at 4. The agency also submitted the calculations that it used to determine the amount of interest that was paid the appellant.[4] *Id.* at 14-19, 28-30. Finally, the agency presented tables of the appellant's post-reinstatement accumulation of annual and sick leave that show the initial leave amounts used. *Id.* at 33. In response to an order to submit the basis for these numbers, the agency submitted on November 11, 2018, additional evidence explaining the calculations on which they were based. CRF, Tab 4 at 4,

---

[4] The agency's interest determination is based on the online interest calculator approved by the Office of Personnel Management.

9-11. On June 11, 2020, the agency also submitted evidence that it had awarded additional back pay due for the appellant's Step 9 pay increase that occurred during the back pay period. CRF, Tab 24.

¶5    The appellant has challenged the agency's back pay and restored leave calculations, but does not identify specific errors in these calculations, which on their face show compliance with the Board's order. CRF, Tab 30. The appellant has objected to the agency's delay in restoring her leave, which she states resulted in some absences being treated as absence without pay. *Id.* at 5. The agency's alleged error concerns her service after the close of the back pay period and is thus outside the scope of this case. The same reason excludes the appellant's claim that she should be paid for transit benefits she unfairly lost after her return to work because her application for their restoration was found incomplete.[5] *Id.* at 4. The appellant's claim that the agency did not properly calculate her retirement contributions in December 2018, *id.* at 4-5, either reiterates her back pay claims rejected above or is based on later actions outside the back pay period. Her claim that the agency wrongly denied her compensation benefits for an injury at work that occurred in January 2020, *id.* at 6, is also one that does not pertain to whether the agency retroactively restored her to duty. The appellant has not otherwise shown that the agency has failed to properly restore her.

¶6    Accordingly, we find that the agency is in compliance and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulation, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)1).

---

[5] The agency notes that when she submitted a complete application, the benefits were restored. CRF, Tab 22 at 4-5.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.